IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00109-BNB

MIKEAL GLENN STINE,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
HARLEY LAPPIN, Dir. BOP,
MICHAEL K. NALLEY, Regional Dir. BOP N.C. Region,
BLAKE DAVIS, Warden ADX Florence,
MR. D. ALLRED. Clinical Director ADX,
A. OSAGIE, Physician's Assistant ADX,
MS. PATRICIA RANGEL, D-Unit Manager,
MS. TINA SUDLOW, D-Unit Case Manager ADX, and
MR. D. FOSTER, D-Unit Counselor ADX,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 0 1 2011

GREGORY C. LANGHAM
               CLERK

---

ORDER

---

    Applicant, Mikeal Glenn Stine, is in the custody of the United States Bureau of Prisons and currently is incarcerated at ADX Florence. Mr. Stine, acting *pro se*, has filed a "Petition Pursuant to Court Order in 07-cv-01839-WYD-KLM Seeking Leave to File a Pro-Se Action . . . ," a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), 28 U.S.C. §§ 1331 and 2241, and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. In the Complaint, Mr. Stine raises four claims, including (1) denial of proper dental care in violation of this Eighth Amendment rights; (2) denial of proper medical care in violation of his Eighth Amendment rights; (3) false imprisonment in the Control Unit; and (4) an unsafe environment.

Although Mr. Stine has submitted a Petition seeking leave to file a pro se action, he has not complied with the filing restrictions imposed in Case No. 07-cv-01839-WYD-KLM at Document No. 344. Mr. Stine is required to submit three separate documents that include specific information. Altough Mr. Stine is aware of the requirements, he continues to engage in abusive litigation tactics by not complying with the requirements.

First, Mr. Stine on Page Three of the Complaint form improperly identifies this action as filed pursuant to § 2241. Mr. Stine is challenging his placement at ADX, an alleged inability by prisoner staff to protect him, and inadequate dental and medical treatment, which are conditions of confinement claims. Mr. Stine's claims, therefore, are not cognizable in a federal habeas corpus action and are properly construed as a prisoner complaint filed pursuant only to *Bivens* and § 1331. Mr. Stine was instructed in Case No. 10-cv-02434-ZLW that he may not attempt to raise conditions of confinement claims in § 2241 actions in an attempt to circumvent the filing restrictions he is subject to under § 1915(g) and as set forth in Case No. 07-CV-01839-WYD-KLM at Document Nos. 344 and 350. The Court, therefore, finds that Mr. Stine has knowingly set forth a false recital in the Complaint, which constitutes a basis for disapproval of his petition to seek leave to file a *pro se* action. **See** Case No. 07-cv-01839-WYD-KLM, Doc. No. 344 at 32.

Second, Mr. Stine has failed to file a separate affidavit that is signed under penalty of perjury and states that the claims have never been raised by him and disposed of by any federal or state court; that to the best of his knowledge the claims are well grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; and are not interposed for any improper purpose in keeping with Fed. R. Civ. P. 11. Rather Mr. Stine only submits a

2

petition that combines in a general fashion the information required in the petition with the information required to be set forth in a separate affidavit, which is not provided.

Third, Mr. Stine states generally that named defendants in this case may have been named in prior law suits but not for the same incidents. Mr. Stine's statement is false. Claims Three and Four were addressed on several occasions by this Court, including in both *Stine v. Lappin, et al.*, No. 10-cv-01652-ZLW (D. Colo. Aug 17, 2010), and in *Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM (D. Colo. Sept. 1, 2009). Case No. 10-CV-01652-ZLW was dismissed in part because Mr. Stine failed to assert imminent danger of serious physical injury. **See** Case No. 10-cv-01652-ZLW at Doc. No. 32. Case No. 07-CV-01839-WYD-KLM was dismissed because Mr. Stine abused the judicial process. Mr. Lappin was named in both Case No. 10-cv-01652 and Case No. 07-cv-01839. Mr. Blake was named in Case No. 10-cv-01652. Mr. Stine, therefore, has set forth a false recital and is in violation of the filing restriction. **See** Case No. 07-cv-01839-WYD-KLM, Doc. No. 344 at 32.

Fourth, Mr. Stine asserts in the Petition to Proceed that he does not have the money to purchase court documents showing all of the named defendants in each of the cases he has filed and asserts that he has filed cases as early as 1993, in which the files are not maintained by the Court. Although it may be difficult for Mr. Stine to secure the required information on cases filed in 1993, Mr. Stine has filed twenty-one cases in this Court since 2007, eight of which were filed in 2010. This Court maintains all of these case files electronically. The Court also notes that when it is to Mr. Stine's advantage he is quite able to cite to previous cases regarding specifics of the case, including being able to identify hearings and specific testimony that was given. **See**

Case No. 10-cv-02964-ZLW at Doc. No. 3.

Finally, Mr. Stine has violated the filing restrictions under Case No. 07-cv-01839-WYD-KLM, Document No. 344 at 31, by submitting four additional pleadings subsequent to filing the Petition to Proceed and the Prisoner Complaint. Mr. Stine acknowledges in a Letter to the Court (Doc. No. 5) that he is not able to file a motion for injunctive relief pursuant to the filing restrictions, but he directed a Letter and a Request for Emergency Assistance to Chief Judge Daniel regarding his claims and subsequently submitted a motion for injunctive relief that seeks copies of legal documents and access to word processing. Mr. Stine also submitted a Motion to Add Exhibits in this case. Most of the information presented in the four pleadings is repetitive of the claims Mr. Stine set forth in his Complaint. Furthermore, any new or additional information stated in the four pleadings does not state a claim of imminent danger of serious physical injury.

Mr. Stine continues to abuse the judicial process as is documented with specificity in Case No. 07-cv-01839-WYD-KLM at Document No. 344. Nonetheless, the Court has a continuing concern for the safety of prisoners housed within this jurisdiction. The Court, therefore, will seek a statement from the Warden at the prison facility, Defendant Blake Davis, where Mr. Stine currently is housed addressing the current provisions being made to assure that Mr. Stine is not in immediate danger of serious physical harm regarding his dental needs, specifically his abscessed teeth, and his medical needs, specifically his injured knee. No reply to the statement or other motions or pleadings will be allowed by Mr. Stine.

This is the last time the Court will make a special effort to address Mr. Stine's alleged claims of immediate danger of serious physical harm. Hereafter, he must

4

comply with the requirements of his filing restrictions. Accordingly, it is

ORDERED that the Clerk of the Court initiate service of process on Defendant Blake Davis in this case for the limited purpose of seeking a statement by Mr. Davis as set forth above. It is

FURTHER ORDERED that Mr. Davis or an appropriate prison staff member is instructed to provide a statement to the Court within ten days of the date of service of this Order. It is

FURTHER ORDERED that Mr. Stine is restricted from filing any further pleadings or motions in this action, including a reply to the statement provided by the Warden or appropriate prison staff. It is

FURTHER ORDERED that all pending motions are denied.

DATED January 31, 2011, at Denver, Colorado.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00109-BNB

Mikeal Glenn Stine
Reg. No. 55436-098
ADX – Florence
PO Box 8500
Florence, CO 81226

Blake Davis - **CERTIFIED**
USP Florence ADMax
US Penitentiary
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on February 1, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk