**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-00109-WJM-CBS

MIKEAL GLENN STINE,

        Plaintiff,

v.

FEDERAL BUREAU OF PRISONS (Agency),
MR. DAVID ALLRED, Clinical Dir. ADX,
MR. BLAKE DAVIS, Warden ADX,
MR. MUNSON, Associate Warden ADX,
MR. A. OSAGIE, Physician Assist. ADX,
MR. R. HUDDLESTON, EMT/ADX,
MR. SMITH, Assist. Health Services Administrator,
MR. MANSPEAKER, Corr. Officer ADX,

        Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Mikeal Glenn Stine brings claims against the above-listed Defendants, all of whom are employees of the United States Bureau of Prisons, alleging that they violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide adequate dental care. (ECF No. 153.) On September 14, 2011, Defendants filed a Motion for Summary Judgment ("Motion") arguing that Plaintiff had failed to exhaust his administrative remedies. (ECF No. 213.) The Court referred the Motion to Magistrate Judge Craig B. Shaffer for a recommended decision. (ECF No. 214.) On February 10, 2012, Magistrate Judge Shaffer issued his Recommendation that the Motion be granted ("Recommendation"). (ECF No. 281.) Plaintiff filed timely objections. (ECF No. 287.)

The Motion, the Recommendation, and Plaintiff's Objections are currently before the Court. For the reasons set forth below, Plaintiff's Objections are overruled, Magistrate Judge Shaffer's Recommendation is adopted, and the Motion is granted. Additionally, the Court adopts the Recommendation with respect to various other motions that Plaintiff has filed.

## I. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter such as a motion for summary judgment, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Houston v. Nat'l General Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II.  FACTUAL BACKGROUND

Neither party objects to the recitation of facts set forth by the Magistrate Judge in the "Background" section of the Recommendation. (Rec. at 2-4.) Accordingly, the Court adopts and incorporates the Background section of the Recommendation as if set forth herein. To the extent any additional facts are necessary for the Court's resolution of the summary judgment motion, such facts will be set forth in the analysis section below.

## III.  ANALYSIS

The Magistrate Judge found that Plaintiff had failed to exhaust his administrative remedies and, therefore, Defendants were entitled to summary judgment. (Rec. at 17.) The Prison Litigation Reform Act (PLRA) requires exhaustion of all "available" remedies. *See* 42 U.S.C. § 1997e(a). To be "available" under the PLRA, a remedy must afford "the possibility of some relief for the action complained of." *Booth v. Churner*, 532 U.S. 731, 738 (2001). The Tenth Circuit has previously recognized that an administrative remedy is not "available" under the PLRA if "prison officials prevent,

thwart, or hinder a prisoner's efforts to avail himself of [the] administrative remedy." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010); *see also Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (holding that a prison official's failure to respond to a grievance within prescribed time limit renders an administrative remedy unavailable). Based on this principle, the Court must "ensure that any defects in exhaustion [are] not procured from the action or inaction of prison officials." *Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

The PLRA's requirement that an inmate exhaust all available administrative remedies before initiating suit is "mandatory," whether or not such remedies "meet federal standards." *Woodford v. Ngo*, 548 U.S. 81 (2006). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Plaintiff objects to the Magistrate Judge's finding that he failed to exhaust his administrative remedies. Though somewhat rambling, his arguments boil down to the following: (1) the Bureau of Prison's ("BOP") policy of only allowing one informal resolution to be pursued at a time excuses his failure to exhaust; and (2) Defendants' verbal statements and actions excused his failure to exhaust. The Court will discuss each of Plaintiff's arguments in turn below.

**A.    BOP Policy**

The first step in the BOP's administrative remedy process requires that a prisoner informally present the issue to staff.  28 C.F.R. § 542.13(a).  In Plaintiff's unit,

that typically occurs when the prisoner completes an Informal Resolution form. Plaintiff has submitted evidence showing that BOP has a policy of only issuing one Informal Resolution form at a time. (ECF No. 242-2.) The purpose of this policy is "to ensure issues are thoroughly investigated and adequate time is allowed for informal resolution." (*Id*.)

Plaintiff argues that this policy prevented him from being able to adequately exhaust his administrative remedies. (Obj. at 5.) The Magistrate Judge did not address this argument in the Recommendation. Therefore, the Court looks at this issue anew.

In support of this claim, Plaintiff cites *Rhodan v. Schofield*, 2007 WL 1810147 (N.D. Ga. June 19, 2007), and argues that it holds that the BOP policy of only allowing one informal grievance at a time excuses a prisoner from exhausting his administrative remedies. However, *Rhodan* does not address the one grievance policy; rather, the court found that administrative remedies were unavailable to a prisoner because prison officials affirmatively misled him as to the grievance policy. *Id*. at *6-7. The Court finds that *Rhodan* is not instructive here.

Plaintiff fails to cite any additional authority for his claim and the Court finds not merit in his argument. If a prisoner is pursuing a case that involves multiple claims, the Court could see how the BOP policy of only issuing on Informal Resolution form at a time could hinder the prisoner's ability to exhaust his administrative remedies. This is especially true given the short time constraints typically associated with the prison grievance system. However, the instant action involves only one claim—that Plaintiff was denied constitutionally adequate dental care. (ECF No. 153.) Therefore, the Court fails to see how the BOP policy of only issuing one Informal Resolution at a time could

have interfered with Plaintiff's ability to exhaust his administrative remedies on his dental care claim.  Accordingly, the Court finds that Plaintiff has failed to show a genuine dispute of fact as to whether the BOP's one Informal Resolution policy made his administrative remedies unavailable such that his non-exhaustion is excused.

**B.     Defendants' Representations and Actions**

The Magistrate Judge found that Plaintiff had failed to show that Defendants interfered with Plaintiff's ability to exhaust his administrative remedies.  (Rec. at 16-17.)  Plaintiff objects and argues: (1) he was denied grievance forms by Defendants; and (2) Defendants made affirmative representations to him that excuse his non-compliance with the exhaustion requirements.  The Court will address each of these arguments below.

      1.     <u>Denial of Grievance Forms</u>

Plaintiff alleges that he submitted evidence showing that he was denied grievance forms by prison officials.  (Obj. at 2-3.)  In support of his opposition to the Motion, Plaintiff submitted declarations from Mark Allen, Terry Nichols, Tim Hume, Richard Nunes, and Willie Clark.  (ECF Nos. 242-1; 242-3; 147 at 3-5.)  Allen, Nichols, Hume, and Clark state that they heard Plaintiff request administrative remedy forms from individuals named Foster, Sudlow, and Rangel.  (*Id*.)  The declarations state that, instead of providing Plaintiff with the requested forms, these individuals walked away and ignored him.  (*Id*.)

The Magistrate Judge found that these declarations constituted inadmissible hearsay and refused to consider them.  (Rec. at 14.)  Plaintiff objects to this finding and contends that the declarations were based on each declarant's personal knowledge

and that the declarants were eye-witnesses to the events described. (Obj. at 2; 7-8.)

The Tenth Circuit has held: "hearsay testimony that would be inadmissible at trial cannot be used to defeat a motion for summary judgment." *Adams v. Amer. Guar. And Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000). The Federal Rules of Evidence define "hearsay" as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Allen, Nichols, Hume, and Clark's statements that they heard Plaintiff ask for administrative remedy forms are hearsay. They are recounting Plaintiff's statements made outside of the courtroom and they are offered for the truth of the matter asserted, *i.e.* that Plaintiff requested administrative grievance forms. Accordingly, the Magistrate Judge correctly refused to consider these statements in making his Recommendation on the Motion. Therefore, the declarations do not show a dispute of fact as to whether Plaintiff was denied access to the administrative process.

Plaintiff contends that, because his Second Amended Complaint was verified, he has submitted evidence sufficient to meet his burden of showing the Defendants' refused to provide him the forms required to exhaust his administrative remedies. However, the Court has reviewed the Second Amended Complaint and finds no allegation therein regarding Plaintiff being denied administrative grievance forms. (ECF No. 153.) Plaintiff points to no other evidence in the record supporting his contention that he was denied access to the required forms. Rather, the record contains evidence showing that, since June 1, 2010, Plaintiff filed at least twenty-two administrative grievances on the forms that he alleges he was denied. (ECF No. 242-11.) This

evidence hardly supports Plaintiff's contention that he was denied access to these forms on any type of sustained basis. Accordingly, the Court finds that Plaintiff has failed to meet his burden of showing that Defendants interfered with his administrative remedies by failing to provide the necessary forms. *Morgan v. Franklin*, 2008 WL 1925080, *5 (W.D. Okla. April 29, 2008) (prisoner has burden to show that defendants thwarted his efforts to exhaust his administrative remedies).

2. Defendants' Representations to Plaintiff

Plaintiff also alleges that he presented evidence showing that two Defendants—Munson and Davis—told him that he did not need to file an administrative grievance on his dental issues and that these representations excuse his failure to exhaust. (Obj. at 6-7.) The Magistrate Judge found that the evidence in the record was not specific enough to meet Plaintiff's burden of showing that his failure to exhaust should be excused. (Rec. at 15-16.)

"An administrative remedy is not 'available,' and therefore need not be exhausted, if prison officials erroneously inform an inmate that the remedy does not exist or inaccurately describe the steps he needs to take to pursue it." *Pavey v. Conley*, 663 F.3d 899, 906 (7th Cir. 2011); *see also Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010); *Curtis v. Timberlake*, 436 F.3d 709, 712 (7th Cir. 2005); *Brown v. Croak*, 312 F.3d 109, 112-13 (3d Cir. 2002). The Tenth Circuit has made clear that a prisoner must exhaust his administrative remedies <u>before</u> filing suit. *Ruppert v. Aragon*, 448 F. App'x 862, 863 (2012) ("Since the PLRA makes exhaustion a precondition to *filing* a suit, an action brought before administrative remedies are exhausted must be

dismissed[.]"). It follows that a prisoner claiming that he was excused from exhausting his administrative remedies must show that such occurred before he commenced the litigation.

The evidence in the record on this point comes from Plaintiff's verified Second Amended Complaint and is as follows:

> During the month of Jan. 2011 Mr. Blake Davis and Mr. Munson/Associate Warden making weekly security rounds stopped at my cell and stated we will take care of it (no need to tell the Court or file anything) I advised that Mr. Foster: Mr. Madison filing in for Mr. Foster and Ms. Tena Sudlow had all refused me administrative remedies on being refused Dental since 11-28-2010 and medical on my knee since Jan 3rd 2011, Mr. Munson and Davis stated well there's no need we will take care of it, I told them I can take this to the Court because them refusing me the administrative remedies makes the administrative remedy process unavailable, they stated were [sic] going to get you some help that never came.

(ECF No. 153 at 7-8.)

The Court finds that this evidence fails to show a dispute of fact as to whether Plaintiff was excused from exhausting his administrative remedies before he filed suit. Plaintiff alleges that he complained of not getting care for his knee since January 3, 2011. (*Id*.) Thus, the exchange between Munson and Davis must have occurred sometime after this date. However, Plaintiff has not specified that Munson and Davis made these statements before he signed and submitted his initial Complaint on January 7, 2011. (ECF No. 153 at 7-8; *see also* ECF No. 1.) Plaintiff's initial Complaint mentions other issues with respect to exhaustion, but there is no mention of Plaintiff's exchange with Munson and Davis. (ECF No. 1.) The allegation that this exchange occurred first appeared in Plaintiff's First Amended Complaint, which was signed by

-9-

Plaintiff on March 13, 2011.  (ECF No. 42 at 7-8.)  In the operative pleading, Plaintiff's Second Amended Complaint, Plaintiff alleges only that Davis and Munson made these verbal representations to him sometime "[d]uring the month of Jan[uary] 2011."  (ECF No. 153 at 7-8.)  Accordingly, the Court finds that Plaintiff has failed to create a genuine dispute of fact as to whether he was excused from exhausting his administrative remedies before he brought this action on January 7, 2011.

## C. Conclusion of Motion for Summary Judgment

In sum, Defendants bear the initial burden of showing that Plaintiff failed to exhaust his administrative remedies.  *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011).  Once Defendants meet this burden, as they have done in this case (*see* ECF No. 213-1), "the onus falls on the plaintiff to show that remedies were unavailable to him."  *Tuckel*, 660 F.3d at 1254.  Plaintiff has failed to meet that burden.  Accordingly, Defendants' Motion for Summary Judgment is granted and Plaintiff's claims are dismissed without prejudice for failure to exhaust his administrative remedies.  *See Garcia v. Taylor*, 113 F. App'x 857, 859 (10th Cir. 2004) (affirming district court's dismissal of claims without prejudice where prisoner had failed to exhaust available administrative remedies).

## D. Other Pending Motions

In the Recommendation, the Magistrate Judge also recommended that the Court deny the following motions: (1) Plaintiff's "Petition Pursuant to Court Order Seeking Leave of the Court to File Third Verified Amended Complaint Pursuant to Fed. R. Civ. P. 15" (ECF No. 197); (2) Plaintiff's "Verified Emergency Motion for TRO/Preliminary

Injunction/with Expedited Consideration, pursuant to Fed. R. Civ. P. 65" (ECF No. 222); and (3) Plaintiff's "Verified Motion for Partial Summary Judgment on Liability Pursuant to Rule 56(c) + (d)" (ECF No. 236).  (Rec. at 22.)  The Magistrate Judge recommended that Plaintiff's "Motion Requesting Hon. William J. Martinez Certify that Magistrate Craig B. Shaffer's Order of Sept. 9, 2011 Denying Plaintiff's Verified Motion for TRO/Preliminary Injunction Doc. 136 Filed 6-6-2011" (ECF No. 259) be granted.  (Rec. at 22.)

Plaintiff does not object to any of these recommendations.  "In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").  Having reviewed the Recommendation, the Court finds no clear error associated with any of the recommended rulings on Plaintiff's remaining motions.  Accordingly, the Court adopts the Recommendation with respect to the rulings on the above-listed motions.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Magistrate Judge Craig B. Shaffer's Recommendation (ECF No. 281) is ACCEPTED;

2. Plaintiff's Objections to the Recommendation are OVERRULED (ECF No. 287);

3. Plaintiff's "Petition Pursuant to Court Order Seeking Leave of the Court to File Third Verified Amended Complaint Pursuant to Fed. R. Civ. P. 15" (ECF No. 197) is DENIED;

4. Plaintiff's "Verified Emergency Motion for TRO/Preliminary Injunction/with Expedited Consideration, pursuant to Fed. R. Civ. P. 65" (ECF No. 222) is DENIED;

5. Plaintiff's "Verified Motion for Partial Summary Judgment on Liability Pursuant to Rule 56(c) + (d)" (ECF No. 236) is DENIED;

6. Plaintiff's "Motion Requesting Hon. William J. Martinez Certify that Magistrate Craig B. Shaffer's Order of Sept. 9, 2011 Denying Plaintiff's Verified Motion for TRO/Preliminary Injunction Doc. 136 Filed 6-6-2011" (ECF No. 259) is GRANTED;

7. The Court CERTIFIES that Magistrate Judge Shaffer's September 9, 2011 order denying Plaintiff's "Verified Emergency for TRO/Preliminary Injunction Pursuant to Fed. R. Civ. P. 65(a)" is a final order based on the parties' consent (ECF Nos. 160 & 195) to allow the Magistrate Judge to fully and finally resolve the issue pursuant to 28 U.S.C. § 636(c)(1);

8. Defendants' Motion for Summary Judgment (ECF No. 213) is GRANTED;

9. Plaintiff's Second Amended Complaint (ECF No. 153) is DISMISSED WITHOUT PREJUDICE for failure to exhaust; and

10. The Clerk shall enter judgment for Defendants.  Each party shall bear its own costs. *See Cantrell v. Int'l Brotherhood of Elec. Workers,* 69 F.3d 456, 459 (10th Cir. 1995) (district court may deny costs if the non-prevailing party is indigent).

Dated this 15th day of March, 2012.

BY THE COURT:

William J. Martínez
United States District Judge