IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 11-cv-00109-WJM-CBS

MIKEAL GLENN STINE,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS (Agency),
MR. DAVID ALLRED, Clinical Dir. ADX,
MR. BLAKE DAVIS, Warden ADX,
MR. MUNSON, Associate Warden ADX,
MR. A. OSAGIE, Physician Assist. ADX,
MR. R. HUDDLESTON, EMT/ADX,
MR. SMITH, Assist. Health Services Administrator,
MR. MANSPEAKER, Corr. Officer ADX,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S RENEWED EMERGENCY MOTION FOR TRO/PRELIMINARY INJUNCTION WITH EVIDENTIARY HEARING**

---

In this case brought pursuant to 42 U.S.C. § 1983, Plaintiff Mikeal Stine alleges that Defendants, who are all employees of the Bureau of Prisons, violated his Eighth Amendment rights by failing to provide constitutionally sufficient dental care. Before the Court is the following motion: "Plaintiff Requests the Court take Judicial Note of U.S. Court of Appeal Order of March 28th, 2012 in Stine v. U.S. Federal Bureau of Prisons et al. No. 11-1504 U.S.D.C. No. 11-cv-02665-LTB and Err of Magistrate Shaffer Recommendation of United States Magistrate Judge Doc. 281 filed 2/10/2012 at pg. Lines (8-14). And Renews Emergency Motion for TRO/Preliminary Injunction with

Evidentiary Hearing (Document No. 222) With Expedited Consideration."[1]  (ECF No. 291.)  The Court will refer to this filing as the Motion to Reconsider.

Before turning to the instant motion seeking injunctive relief, the Court will provide a brief procedural history that focuses on Plaintiff's prior requests for injunctive relief.  On August 25, 2011, after full briefing and an evidentiary hearing, Magistrate Judge Craig B. Shaffer denied Plaintiff's first Motion for a Temporary Restraining Order and/or Preliminary Injunction.[2]  (ECF No. 190.)  Plaintiff filed a second request for a temporary restraining order and/or preliminary injunction which was denied after a second evidentiary hearing on September 9, 2011.[3]  (ECF No. 209.)

Plaintiff filed a third request for injunctive relief on September 15, 2011.  (ECF No. 222.)  This third request for injunctive relief raised issues related to Plaintiff's acid reflux medical condition; it did not involve his dental care.  (*Id*.)  On February 10, 2012, Magistrate Judge Shaffer recommended that this third request for injunctive relief be denied.  (ECF No. 281 at 20-22.)  Part of the basis for the Recommendation was that Plaintiff had not made a showing of imminent danger or serious physical injury, as required by his filing restrictions.  (*Id*. at 21.)  Plaintiff filed timely objections to the Magistrate Judge's Recommendation but did not specifically object to the

---

[1] Although this Motion was received after the Court entered judgment in this action, the Court will consider it as if the case was still active because of the mailbox rules that apply to prisoner filings.  *See Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (holding that the mailbox rule, which allows papers by a prisoner to be considered filed when he delivers them to prison officials for mailing, applies to actions brought pursuant to 42 U.S.C. § 1983).

[2] The parties consented to Magistrate Judge Shaffer deciding Plaintiff's request for injunctive relief by order rather than recommendation.  (ECF Nos. 46 & 54.)

[3] The parties also consented to Magistrate Judge Shaffer deciding Plaintiff's second request for injunctive relief by order rather than recommendation.  (*See* ECF Nos. 160 & 195.)

recommendation that his third request for injunctive relief be denied. (ECF No. 287.) On February 14, 2011, the Court adopted the Recommendation and denied Plaintiff's third request for injunctive relief. (ECF No. 288 at 11-12.) In the same Order, the Court adopted Magistrate Judge Shaffer's Recommendation that Defendants' Motion for Summary Judgment be granted and dismissed Plaintiff's claims in this action without prejudice for failure to exhaust his administrative remedies. (ECF No. 288.) Judgment in favor of Defendants was entered on March 19, 2012. (ECF No. 290.)

In the instant Motion to Reconsider, Plaintiff argues that Magistrate Judge Shaffer's Recommendation that his third request for injunctive relief be denied was erroneous based on a recent opinion by the Tenth Circuit. (ECF No. 291 at 2-3.) In an opinion issued on March 8, 2012, the Tenth Circuit held that, in an unrelated case, Plaintiff's claims regarding his acid reflux were sufficiently serious to allow his case to proceed despite the fact that he has "three-strikes" under 28 U.S.C. § 1915(g). (ECF No. 291-1.) Plaintiff argues that this ruling shows that Magistrate Judge Shaffer erred in basing his recommendation that Plaintiff's third request for injunctive relief be denied on his finding that Plaintiff had not made a showing of imminent danger or serious physical injury. (ECF No. 290 at 2-3.)

The Court notes that Plaintiff did not object to the portion of Magistrate Judge Shaffer's Recommendation that addressed Plaintiff's third request for injunctive relief. Therefore, Plaintiff arguably waived his right to object to the Court's denial of this motion. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (adopting a "firm wavier rule . . . the failure to make timely objection to the magistrate's findings and recommendations waives appellate review of both factual and legal questions.")

However, because the Tenth Circuit's ruling was not issued until after Plaintiff's time for objections had passed, the Court will consider the arguments raised in the Motion to Reconsider despite Plaintiff's arguable waiver of such issues.

Having reviewed the record, the Motion to Reconsider, and its attachments, the Court sees no reason to reconsider its prior denial of Plaintiff's third request for injunctive relief.[4]  While the Recommendation noted that Plaintiff had failed to show imminent danger or serious physical injury, this was not the only reason the Magistrate Judge recommended that Plaintiff's third request for injunctive relief be denied.  The Recommendation also found that Plaintiff had failed to meet the legal standard for injunctive relief.  (*Id*. ("Neither has Mr. Stine established the four required factors to obtain a TRO or preliminary injunction."))  Additionally, the Recommendation found that the relief sought in Plaintiff's third request for injunctive relief was not related to the claims in his Second Amended Complaint and was therefore improper.  (*Id*.)

Nothing in the instant Motion to Reconsider calls into question either of the two alternate bases for denying Plaintiff's third request for injunctive relief.  Most significantly, Plaintiff does not explain how his acid reflux claims were related to his dental care issues.  The above-captioned action involved only one claim—that Plaintiff was being denied constitutionally sufficient dental care.  (ECF No. 153.)  The Court cannot grant injunctive relief in this case on matters that are unrelated to dental care.  *See Hicks v. Jones*, 332 F. App'x 505, 508 (10th Cir. June 17, 2009) (""A preliminary

---

[4] To the extent Plaintiff moves the Court for it to take judicial notice of the Tenth Circuit's March 8, 2012 ruling, such request is GRANTED.  The Court has read and considered the Tenth Circuit's opinion in ruling on the instant Motion.

-4-

injunction is . . . appropriate to grant intermediate relief of the same character as that which may be granted finally."); *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 489–90 (3d Cir. 2000) (affirming denial of injunction where plaintiffs' harm was "insufficiently related to the complaint and does not deserve the benefits of protective measures that a preliminary injunction affords").

For the reasons set forth above, Plaintiff's Motion to Reconsider (ECF No. 291) is DENIED. This action shall remain CLOSED. Because judgment has been entered in this case (ECF No. 290), Plaintiff's recourse is now with the Tenth Circuit Court of Appeals.

Dated this 21st day of March, 2012.

BY THE COURT:

William J. Martínez
United States District Judge