IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 11-cv-00109-WJM-CBS

MIKEAL GLENN STINE,

      Plaintiff,

v.

FEDERAL BUREAU OF PRISONS (Agency),
MR. DAVID ALLRED, Clinical Dir. ADX,
MR. BLAKE DAVIS, Warden ADX,
MR. MUNSON, Associate Warden ADX,
MR. A. OSAGIE, Physician Assist. ADX,
MR. R. HUDDLESTON, EMT/ADX,
MR. SMITH, Assist. Health Services Administrator,
MR. MANSPEAKER, Corr. Officer ADX,

      Defendants.

---

**ORDER DENYING PLAINTIFF'S VERIFIED MOTION TO ALTER JUDGMENT
PURSUANT TO RULE 59(e)**

---

In this case brought pursuant to 42 U.S.C. § 1983, Plaintiff Mikeal Stine alleges

that Defendants, who are all employees of the Bureau of Prisons, violated his Eighth

Amendment rights by failing to provide constitutionally sufficient dental care.  On March

15, 2012, the Court granted Defendants' Motion for Summary Judgment finding that

Defendants had established that Plaintiff failed to exhaust his administrative remedies

and that Plaintiff had failed to meet his burden of showing that administrative remedies

were unavailable to him.  (ECF No. 288.)  The Clerk entered judgment against Plaintiff.

(ECF No. 290.)

Before the Court are the following Motions: (1) Motion to Amend or Alter Order

and Judgment (ECF No. 293); (2) Motion to Attach Declarations Herein to Pending Rule

59(e) Motion and to Consider Further Argument Herein In Consideration of Why Rule

59(e) should be Granted (ECF No. 298); (3) Verified Motion to Alter Judgment Pursuant

to Rule 59(e) (ECF No. 308); (4) Motion for Ruling (ECF No. 310); and (5) Motion for

Clarification of Motion 59(e) to Alter or Amend (ECF No. 315).   The Court will address

the procedural motions and then turn to the merits of the Rule 59(e) motions.

- Plaintiff's Motion to Attach Declarations (ECF No. 298) is granted.  The Court will

  consider the declarations attached to the Motion in considering the merits of

  Plaintiff's Rule 59(e) Motions.

- Plaintiff's Motion for Ruling (ECF No. 310) is granted.  In this order, the Court will

  resolve the merits of Plaintiff's Rule 59(e) motions.

- Plaintiff's Motion for Clarification (ECF No. 315) asks the Court to rule on his

  Motions to Alter or Amend Judgment.  As this Order resolves such Motions,

  Plaintiff's Motion for Clarification is granted.

The remaining motions are two Motions to Alter or Amend Judgment ("Motions")

brought pursuant to Federal Rule of Civil Procedure 59(e).  The Court will discuss these

Motions together below.

## I.  LEGAL STANDARD

There are three grounds upon which a motion under Rule 59(e) may be granted:

(1) an intervening change in the controlling law; (2) the availability of new evidence; and

(3) the need to correct clear error or prevent manifest injustice.  *Servants of the*

*Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000); *see also Phelps v. Hamilton*,

122 F.3d 1309, 1324 (10th Cir. 1997) ("[a] Rule 59(e) motion to alter or amend the

judgment should be granted 'only to correct manifest errors of law or to present newly discovered evidence' ") (quotation and internal quotation marks omitted).  Thus, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Does*, 204 F.3d at 1012.  Such a motion is committed to the trial court's discretion.  *See Phelps*, 122 F.3d at 1324.

## II.  ANALYSIS

Plaintiff's Motions to Alter or Amend (ECF Nos. 293 & 308) do not satisfy any of the three criteria set forth above.

With respect to an intervening change in the controlling law, Plaintiff has shown none.  While Plaintiff cites a multitude of cases in support on his Motions, all of these cases were published before the Court issued its Order granting Defendants' Motion for Summary Judgment. Plaintiff does not cite any cases that were issued since March 15, 2012.  As such, he has not shown an intervening change in the controlling law.

Plaintiff has also failed to show that he has any new evidence which would require the Court to reexamine its prior ruling.  Plaintiff has submitted two declarations in support of the instant Motions: (1) a declaration from Tim Hume dated October 26, 2011 (ECF No. 298-1); and (2) Plaintiff's own declaration dated March 26, 2012 (ECF No. 298-2).  As Mr. Hume's declaration was dated more than four months before the Court issued its March 15, 2012 Order, it does not constitute new evidence.  *See Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1524 (10th Cir. 1992) (affirming district court's denial of Rule 59(e) motion when plaintiff submitted evidence that it could have discovered through reasonable diligence prior to the ruling); *Comeau*

*v. Rupp*, 810 F.Supp. 1172 (D. Kan. 1992) ("new evidence" must be information that "could not have been obtained [prior to the Court's ruling] through the exercise of reasonable diligence").

Plaintiff's own March 26, 2012 declaration is dated after the Court's ruling but does not involve "new evidence". In the Court's March 15, 2012 Order, the Court noted that Plaintiff had failed to provide a date for a particular conversation that he had with Defendants Munson and Davis. (ECF No. 288 at 10.) As the record stood at the time, Plaintiff has specified only that the conversation occurred "[d]uring the month of Jan[uary] 2011." (*Id*. (citing ECF No. 153 at 7-8).) Plaintiff's March 26, 2012 declaration states this conversation occurred on January 5, 2011 or January 6, 2011. (ECF No. 298-2.)

"[S]upporting facts which were available for presentation at the time of the original argument" are not new evidence. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996). The conversation between Plaintiff and Munson and Davis occurred more than year before the Court issued its Order on Defendants' Motion for Summary Judgment. As Plaintiff was a participant in this conversation, the Court fails to see how he was unaware of the date of such conversation or how he could not have discovered the date of the conversation earlier through the exercise of reasonable diligence. Therefore, the Court finds that Plaintiff's affidavit specifying the two-day window during which this conversation occurred is not new evidence.

Finally, the Court sees no clear error that needs to be corrected or manifest injustice that needs to be prevented by the granting of Plaintiffs' referenced Motions. Plaintiff uses his multiple Rule 59(e) Motions to reargue issues that were fully briefed in

the parties' prior filings and were considered by the Court in its March 15, 2012 ruling. This alone is a basis to deny the Motion.  *See Servants of the Paraclete*, 204 F.3d at 1012 (holding that a party moving to reconsider a prior ruling should not "revisit issues already addressed"); *All West Pet Supply Co. v. Hill's Pet Prods. Div.*, 847 F. Supp. 858, 860 (D. Kan. 1994) ("A motion to reconsider or to alter or amend may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court.").

Accordingly, the Court finds that Plaintiff has failed to meet his burden of showing that the Court should alter or amend its judgment and his Motions requesting the same are denied.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      Plaintiff's Motion to Amend or Alter Order and Judgment Entered March 15, 2012 (ECF No. 293) is DENIED;

2.      Plaintiff's Motion to Attach Declarations to Pending Rule 59(e) Motion and to Consider Further Argument (ECF No. 298) is GRANTED;

3.      Plaintiff's Verified Motion to Alter Judgment Pursuant to Rule 59(e) (ECF No. 308) is DENIED;

4.      Plaintiff's Motion for Ruling (ECF No. 310) is GRANTED;

5.      Plaintiff's Motion for Clarification of Motion 59(d) to Alter or Amend (ECF No. 315) is GRANTED; and

6.      This case shall remain closed.

Dated this 3rd day of August, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge