**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-00109-WJM-CBS

MIKEAL GLENN STINE,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS (Agency),
MR. DAVID ALLRED, Clinical Dir. ADX,
MR. BLAKE DAVIS, Warden ADX,
MR. MUNSON, Associate Warden ADX,
MR. A. OSAGIE, Physician Assist. ADX,
MR. R. HUDDLESTON, EMT/ADX,
MR. SMITH, Assist. Health Services Administrator,
MR. MANSPEAKER, Corr. Officer ADX,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S VERIFIED MOTION FOR PROHIBITORY
INJUNCTION AND REQUEST FOR EVIDENTIARY HEARING**

---

In this case brought pursuant to 42 U.S.C. § 1983, Plaintiff Mikeal Stine alleged that Defendants, who are all employees of the Bureau of Prisons, violated his Eighth Amendment rights by failing to provide constitutionally sufficient dental care. On March 15, 2012, the Court granted Defendants' Motion for Summary Judgment finding that Defendants had established that Plaintiff failed to exhaust his administrative remedies and that Plaintiff had failed to meet his burden of showing that administrative remedies were unavailable to him. (ECF No. 288.) The Clerk entered judgment against Plaintiff. (ECF No. 290.) The Court subsequently denied Plaintiff's Motion to Reconsider. (ECF No. 317.) Plaintiff has appealed the Court's grant of summary judgment to the United

States Court of Appeals for the Tenth Circuit. (ECF No. 295.)

On November 26, 2012, Plaintiff filed a Verified Motion for Prohibitory Injunction ("Motion"). (ECF No. 327.) Plaintiff complains that the Federal Bureau of Prisons and its agents have impeded his ability to prosecute his appeal by failing to make copies of some documents, retaining his original documents, and threatening his safety if he attempts to access the law library. (*Id*. at 2-3.) Plaintiff also contends that, because he has continued to pursue his appeal of this action, he was transferred to a dangerous unit where he is in serious risk of physical danger. (*Id*. at 3.) Plaintiff asks the Court to set an evidentiary hearing on the Motion. (*Id*. at 5.)

The Court notes that the subject matter of this case was whether Plaintiff was receiving constitutionally adequate dental care. (Second Am. Compl. (ECF No. 153) pp. 5-18.) Thus, to the extent the Court has any power to act on Plaintiff's case, given Plaintiff's Notice of Appeal, it would only have jurisdiction over issues related to Plaintiff's dental care. The Court does not have the power, in this case, to issue an injunction about Plaintiff's access to legal materials or his relocation to a different unit. *See Stewart v. United States Immigration & Naturalization Service*, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding that district court lacked jurisdiction to issue a preliminary injunction because the movant had "present[ed] issues which [were] entirely different from those which [had been] alleged in his original complaint"); *Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief requested in the complaint"). If Plaintiff wants to bring a claim against the Federal Bureau of Prisons and/or its agents related to his

access to legal materials and/or the law library or alleging that he was transferred in retaliation for pursuing his First Amendment rights, he needs to file a new action in this Court and satisfy the filing restrictions that were previously imposed on him.

Moreover, as set forth above, the Court granted Defendants' Motion for Summary Judgment and entered judgment in favor of Defendants. (ECF Nos. 288 & 290.) This case is on appeal to the Tenth Circuit. Therefore, even if Plaintiff's injunction involved the same subject matter as this action—his dental care—the Court would lack jurisdiction over his request. See Stewart v. Donges, 915 F.2d 572, 574-76 (10th Cir. 1990) (the filing of a notice of appeal "is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.").

For the reasons set forth above, the Court finds that it lacks jurisdiction to grant the relief sought in the Motion. Accordingly, Plaintiff's Motion for Prohibitory Injunction and Request for Evidentiary Hearing (ECF No. 327) is DENIED. This case shall remain closed.

Dated this 6th day of December, 2012.

BY THE COURT:

William J. Martinez
United States District Judge